**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| CIUDAD DE NUESTROS ANGELES I, LLC, a Florida limited liability company, | |
| Plaintiffs, | |
| vs. | CASE NO. 0:19cv60559 |
| INVERRARY RESORT HOTEL CONDOMINIUM ASSOCIATION, INC., an administratively dissolved Florida corporation; ULYSSES ASSETS SUB I, LLC, a Delaware limited liability company, as successor in interest to T5 UNISON SITE MANAGEMENT LLC, a Delaware limited liability company, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant Ulysses Assets Sub I, LLC ("Ulysses"), formerly known as T5 Unison Site Management LLC ("T5 Unison"),[1] respectfully files this Notice of Removal, and, in support, states as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases. Plaintiff Ciudad De Nuestros Angeles I, LLC ("Plaintiff"), instituted the civil action on February 7, 2019 by filing a Complaint for Declaratory Relief and to Quiet Title ("Complaint"), which was assigned case number 19-002919(02), in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

2. Plaintiff's only causes of action are for declaratory relief and to quiet title.

---

[1] On December 12, 2011, T5 Unison filed with the State of Delaware a Certificate of Amendment changing its name to Ulysses Assets Sub I, LLC.

3. Ulysses was served on February 8, 2019. <u>Exhibit A</u>. A true and correct copy of all process and pleadings filed in the state court is attached hereto as <u>Exhibit B</u>. Because this Notice of Removal is filed within thirty days after service of the Summons and Complaint upon Ulysses, it is timely under 28 U.S.C. § 1446(b).

4. This action originally could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

# I
# COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

5. Plaintiff is a Florida limited liability company.[2] Upon information and belief, the members of Plaintiff are citizens of Florida and/or Canada, and no member of Plaintiff is a citizen of Delaware or Massachusetts.[3]

---

[2] It appears that Plaintiff misspelled its name in the Complaint. Based on a business entity search through the State of Florida, it does not appear that a Florida limited liability company exists by the name of "<u>Ciudad</u> De Nuestros Angeles I, LLC", but there is an entity identified as "<u>Cuidad</u> De Nuestros Angeles I, LLC". Also, the deed upon which Plaintiff is suing identifies the grantee as "<u>Cuidad</u> De Nuestros Angeles I, LLC". *See* Ex. B, Exhibit F to Complaint.

[3] Ulysses sought information from Plaintiff concerning the citizenship of its members prior to filing this Notice of Removal. Ulysses emailed counsel for Plaintiff on February 26, 2019 to request the identities of the members of Plaintiff and their states of citizenship for purposes of diversity jurisdiction. <u>Exhibit C</u>. As of the date of filing this Notice of Removal, Ulysses has not received a substantive response from Plaintiff's counsel with the information requested, and no public records could be found to identify Plaintiff's members. *Id*. To the extent the Court requires further allegations concerning Plaintiff's citizenship, Ulysses requests the opportunity to conduct jurisdictional discovery limited to the issue of diversity of citizenship between Plaintiff and Ulysses. *See United Surgical Assistants, LLC v. Aetna Life Ins. Co.*, 2014 WL 1268659, at *2 (M.D. Fla. March 27, 2014) (permitting post-removal jurisdictional discovery regarding citizenship); *CSDVRS, LLC v. Purple Commc'ns, Inc.*, 2013 WL 4763948, at *1-2 (M.D. Fla. Sept. 4, 2013) (same).

6. Defendant Inverrary Resort Hotel Condominium Association, Inc. ("Inverrary") is an administratively dissolved Florida corporation. As described below, Inverrary was fraudulently joined to this action.

7. Defendant Ulysses is a Delaware limited liability company. The sole member of Ulysses is American Towers, LLC, a Delaware limited liability company. American Towers, LLC is wholly owned by American Tower Corporation. American Tower Corporation is a Delaware corporation with its principal place of business in Boston, Massachusetts. Therefore, Ulysses is a citizen of the States of Delaware and Massachusetts for purposes of diversity jurisdiction.

## II
## PLAINTIFF'S FRAUDULENT JOINDER OF INVERRARY DOES NOT DEFEAT DIVERSITY JURISDICTION.

8. "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). However, "when a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Hunt v. Nationstar Mortg., LLC*, 684 Fed. Appx. 938, 942 (11th Cir. 2017) (quotations and citations omitted, unpublished). Thus, Ulysses's "right to removal cannot be defeated by a fraudulent joinder of a residential defendant having had no real connection to the controversy." *Petigny v. Wal-Mart Stores E., L.P.*, 2018 WL 5983506, at *2 (S.D. Fla. Nov. 14, 2018) (quotations omitted).

9. "A defendant is fraudulently joined where there is no 'reasonable basis' for a claim against it." *De Varona v. Discount Auto Parts, LLC*, 860 F. Supp. 2d 1344,

1346 (S.D. Fla. 2012) (citing *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997)). Here, the fraudulent joinder doctrine requires the Court to ignore Inverrary for purposes of diversity because there is no reasonable basis for Plaintiff's claims against Inverrary. *De Varona*, 860 F. Supp. 2d at 1346.

10. Plaintiff claims to be the fee simple owner of real property it purchased from Inverrary on August 20, 2017 (the "Property"). [Ex. B, Complaint, ¶ 14; Exhibit F to Complaint.]

11. In its Complaint, Plaintiff challenges the validity of a "Wireless Communication Easement and Assignment Agreement" between Inverrary and T5 Unison (now known as Ulysses) dated October 30, 2008 and recorded in the Official Records of Broward County on November 24, 2008 (the "Easement Agreement"). [Ex. B, Complaint, ¶ 15; Exhibit G to Complaint]. The crux of Plaintiff's Complaint is that Plaintiff did not become aware of the Easement Agreement until after it purchased the Property from Inverrary because the Easement Agreement (though recorded) was, Plaintiff claims, indexed improperly. [Ex. B, Complaint, ¶ 20.] On this basis, Plaintiff asserts claims for declaratory relief (Count I) and to quiet title (Count II) seeking to void the Easement Agreement.

12. First, there is no reasonable basis for Plaintiff's claim for declaratory relief against Inverrary because Plaintiff does not allege any <u>actual</u> <u>dispute</u> with Inverrary. "A complaint seeking declaratory relief must allege ultimate facts showing a **bona fide adverse interest** between the parties . . . ." *Peoples Nat. Bank of Com. v. First Union Nat. Bank of Fla., N.A.*, 667 So. 2d 876, 878 (Fla. 3d Dist. App. 1996) (quotations omitted) (emphasis added). It is, therefore, "well settled that Florida courts will not

4

render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the *possibility* of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, and rest in the future." *Apthorp v. Detzner*, 162 So. 3d 236, 240 (Fla. 1st Dist. App. 2015) (emphasis in original). Accordingly, "[a] complaint which states . . . that a dispute between the parties as to specific rights **may occur in the future**, does not state a cause of action for declaratory relief." *Mays v. Twigg*, 543 So. 2d 241, 243 (Fla. 2d Dist. App. 1989) (emphasis added). This is also the case under the Federal Declaratory Judgment Act.[4] *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985) (plaintiff must allege a continuing controversy, which "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.").

13.     Plaintiff does not allege any dispute with Inverrary (an administratively dissolved entity), much less "ultimate facts showing a bona fide adverse interest between" it and Inverrary. *Peoples*, 667 So. 2d at 878. There is no allegation that Inverrary actually claims some interest in the Property. Rather, Plaintiff simply contends

---

[4] Under the fraudulent joinder doctrine, the Court should look to the state (not federal) declaratory judgment act, Fla. Stat. § 86.021, to determine if there is a reasonable basis for Plaintiff's claim against Inverrary. *See Zerbersky Payne, LLP v. Aughtman L. Firm, LLC*, 2017 WL 3404391, at *3 (S.D. Fla. Aug. 9, 2017) (assessing whether plaintiff stated a possible claim for relief under Fla. Stat. § 86.021, noting the Court must assess whether there is "a possibility that a ***state court*** would find the complaint states a cause of action for declaratory relief." (emphasis added)). However, the Court will ultimately decide the merits of Count I under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Nirvana Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008) (where a complaint is "technically based only on [Fla. Stat. § 86.021]," a federal court sitting in diversity must nonetheless apply the Federal Declaratory Judgment Act). "As a practical matter, however, the elements required under the federal or state declaratory judgment acts are not materially different." *Id.*

Inverrary "**may claim** some present estate, right, title, lien, or interest" adverse to Plaintiff's title. [Ex. B, Complaint, ¶ 36 (emphasis added).] Plaintiff's speculation that some dispute with Inverrary "may occur in the future" does not state a claim for declaratory relief. *Mays*, 543 So. 2d at 243; *Apthorp*, 162 So. 3d at 240–242. Accordingly, there is no reasonable basis for Count I as it relates to Inverrary.

14. Similarly, there is no reasonable basis for Plaintiff's quiet title action against Inverrary because Plaintiff does not allege that Inverrary actually has asserted any claim to or interest in the Property. In Count II, Plaintiff invokes § 65.061 of the Florida Statutes, which provides for an action to quiet title where a "corporation not the rightful owner of land **asserts any claim**, **or pretends to have any right to title thereto**, which may cast a cloud on the title of the real owner . . . ." Fla. Stat. § 65.061(2) (emphasis added). The plain language of Section 65.061(2) clearly requires that a party actually assert an interest or pretend to have an interest in the subject title before a quiet title action may be brought. *See Helman v. Udren L. Offices, P.C.*, 85 F. Supp. 3d 1319, 1331 (S.D. Fla. 2014) ("A complaint to quiet title must allege . . . the basis upon which **defendant claims an interest in** or claims the title; and [] why **defendant's claim** is not well founded." (emphasis added)); *see also Huckins v. Duval County, Fla.*, 286 F.2d 46, 49 (5th Cir. 1960) ("Under the Florida law the plaintiff in a suit to quiet title must allege the facts showing the claims of the defendants.").

15. Accordingly, there are no grounds for a quiet title action against an entity that does not *actually* "assert" a claim or "pretend" to have an interest in the title of the subject property. Fla. Stat. § 65.061(2). This Court recognized as much in *Kaan v. Wells Fargo Bank, N.A.*, 981 F. Supp. 2d 1271, 1274 (S.D. Fla. 2013), where the Court

6

dismissed a quiet title action because the plaintiff "failed to allege that MERS **has any interest in or claim to** Plaintiff's property." (emphasis added); *see also Lane v. Mortg. Elec. Registration Systems, Inc.*, 2013 WL 12156316, at *2 (M.D. Fla. Nov. 25, 2013) (dismissing quiet title claim where plaintiff's allegations did not meet the grounds for a claim under § 65.061, noting "MERS **does not assert** a claim of title . . . ." (emphasis added)).

16.     Here, Plaintiff does not allege Inverrary asserts any claim to or pretends to have any interest in the Property.  Again, Plaintiff merely alleges Inverrary conceivably "**may claim** some present estate, right, title, lien, or interest in and to the Subject Property adverse to Plaintiff's title . . . ."  [Ex. B, Complaint, ¶ 50 (emphasis added).] For all that appears, Inverrary (if it even exists) has no interest in the Property because Inverrary conveyed its interest in the Property to Plaintiff in 2017 [Ex. B, Complaint, ¶ 14; Exhibit F to Complaint].  Plaintiff also fails to allege any "basis upon which [Inverrary] claims an interest in or claims the title."  *Helman*, 85 F. Supp. 3d at 1331. Because Plaintiff does not allege Inverrary actually has or pretends to have any interest in or claim to the Property, much less the basis upon which Inverrary claims an interest, there is no reasonable basis for Plaintiff's quiet title action against Inverrary.  Fla. Stat. § 65.061(2); *Kaan*, 981 F. Supp. 2d at 1274; *see Vespi v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 7006134, at *3 (W.D. Mich. Dec. 14, 2012) (finding fraudulent joinder in quiet title action because "[t]he complaint does not allege that [the non-diverse defendants] claim any interest in the subject real estate.  These defendants therefore have no conceivable place in a quiet title action, as they claim no interest in the real estate.").

17. Because the Complaint does not allege a reasonable basis for a claim against Inverrary, the Court must ignore Inverrary under the fraudulent joinder doctrine. *Hunt*, 684 Fed. Appx. at 942. The parties to this action, therefore, are completely diverse.[5]

### III
### THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

18. Pursuant to 28 U.S.C. § 1446(c)(2)(A), Ulysses asserts that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.[6] The easement that Plaintiff contends should be declared "null and void" is worth more than $500,000. For example, title to the easement is insured for more than $500,000. Thus, the amount in controversy element is satisfied for diversity jurisdiction. 28 U.S.C. § 1332(a).[7]

### III
### THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

19. As set forth above, this Notice of Removal is timely, as it was filed within thirty days of service of process on Ulysses.

20. After the filing of this Notice of Removal, Ulysses will promptly give written notice thereof to Plaintiff and file a copy with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, which shall effect the removal, and the state court shall proceed no further unless and until the case is remanded. A copy of the form filed in the state court is attached hereto as <u>Exhibit D</u>.

---

[5] "A fraudulently joined defendant need not consent to removal." *Restivo v. Bank of Am. Corp.*, 618 Fed. Appx. 537, 540 n.5 (11th Cir. 2015) (unpublished).
[6] Under 28 U.S.C. § 1446(c)(2)(A), "the notice of removal may assert the amount in controversy if the initial pleading seeks -- (i) nonmonetary relief." Here, Plaintiff's complaint seeks non-monetary relief, specifically declaratory relief and quiet title.
[7] *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) (notice of removal valid with plausible allegation that amount in controversy exceeds threshold).

21. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

22. If any question arises as to the propriety of the removal of this action, Ulysses requests the opportunity to present a brief in support of its position that the case is removable and to conduct jurisdictional discovery.

WHEREFORE, Ulysses, desiring to remove this case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, being the division of said Court for the county in which said case is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, shall effect the removal of said case to this Court.

Respectfully submitted on this the 1st day of March, 2019.

Respectfully submitted,

/s/ Richard M. Gaal
RICHARD M. GAAL
Fla Bar ID # 64827
Email: rgaal@mcdowellknight.com
Secondary Email:
dcoward@mcdowellknight.com
freid@mcdowellknight.com
McDowell Knight Roedder & Sledge, L.L.C.
11 N. Water Street, Suite 13290
Mobile, AL  36602
Telephone:  251/432-5300
Facsimile:  251/432-5303
Direct Number:  251/431-8831
*Attorney for Defendant Ulysses Assets Sub I, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF and/or U.S. Mail, first class postage, pre-paid on March 1, 2019 on all counsel or parties of record on the Service List below.

/s/ Richard M. Gaal

## SERVICE LIST

Joseph J. Huss
Email: jjh@khllaw.com
John F. Hotte
Email: jfh@khllaw.com
Krinzman, Huss & Lubetsky, LLP
110 SE 6th Street, Suite 1430
Fort Lauderdale, FL 33301
Telephone: 954/761-3454
Facsimile: 954-761-3484
*Attorneys for Plaintiff*

The Inverrary Resort Hotel Condominium Association, Inc.
By Serving its Registered Agent:
Maria E. Monzon
3501 Inverrary Blvd.
Lauderhill, FL 33319
*Defendant*